2. The remaining question is whether the subject-matter of the issue is disclosed in patent No. 771,628, for, if it is, Egbert H. Gold is entitled to the filing date of the application for that patent for constructive reduction to practice, and, consequently, to the award of priority, as it has been found that he was the first to conceive the invention.

The point has been fully and ably considered in the decisions of the several tribunals of the Office, and we find no occasion for adding to the discussion. When all of these expert tribunals have concurred in holding—especially in a case involving somewhat complicated mechanical means—that the invention claimed is not disclosed in the description of a party's invention, error must be very clearly shown in their conclusions to justify a reversal of the same. *Seeberger* v. *Dodge,* 24 App. D. C. 476–481; *Kilbourn* v. *Hirner,* 29 App. D. C. 54–57; *Stone* v. *Pupin,* 19 App. D. C. 396–400.

It is sufficient to say that no such error has been shown. The decision will therefore be affirmed. It is so ordered, and that this decision be certified to the Commissioner of Patents as required by law.                                         *Affirmed.*

A petition for a rehearing was denied January 5, 1910.

# IN RE GOLD.

### PATENTS.

This case is governed by the decision of the court in *Gold* v. *Gold* (3) *ante,* page 229.

No. 584. Patent Appeals. Submitted November 17, 1909. Denied December 16, 1909.

HEARING on an appeal from a decision of the Commisioner of Patents rejecting an application for the reissue of a patent.
                                                        *Affirmed.*

The facts are stated in the opinion.

*Mr. Otto R. Barnett* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Egbert H. Gold received patent No. 771,628, October 4th, 1904, for an adjustable low pressure heating system, on an application filed June 27th, 1904. On April 2d, 1906, he filed an application for reissue on the ground that the claims of the patent are insufficient to cover his invention broadly, owing to inadvertence and mistake, and partly to a misapprehension, at the time, of the true scope of the invention he had described. Before filing this application, namely on February 11, 1905, he had filed a new application for a patent for the same invention, that is sought in the reissue application. Edward E. Gold had filed an application for a patent for the same invention substantially, on July 16th, 1904, and an interference was declared between the two. The present application was prosecuted *ex parte* pending the interference proceeding between the others, and was ended by a final decision of the Commissioner rejecting the same on February 24, 1909. The reason given for rejection was that the invention was different from that disclosed in his patent. This appeal is from that final decision.

The interference case above mentioned was brought to an end on June 26, 1909, by a decision of the Commissioner awarding priority to Edward E. Gold. That case turned also on the question whether the patent application of Egbert H. Gold contained a disclosure of the invention of the issue. An appeal from that decision was also prosecuted by Egbert H. Gold, and is numbered 615 on the docket of this court. Both appeals, involving substantially the same question, were submitted together. We have affirmed the decision in No. 615,

delivering an opinion in which the claims in controversy are set out in full. They need not be repeated here. Having held that the invention of that issue, which is the same as here claimed, was not disclosed in the patent application, it follows that the decision in this case must also be affirmed. It is so ordered, and the clerk will certify this decision to the Commissioner of Patents.                              *Affirmed.*

A petition for a rehearing was denied January 5, 1910.

---

# LENOVITZ *v.* UNITED STATES.

---

APPEAL; WRITS OF ERROR; POLICE COURT.

A writ of error to the police court was refused by this court, where it appeared from the bill of exceptions that, after conviction and sentence, the accused, instead of filing a motion in arrest of judgment, moved to quash the information against him, and also that the jurisdictional questions intended to be raised could be directly and effectively raised on a petition to one of the justices of the supreme court of the District for the writ of habeas corpus, and brought to this court on appeal if the writ should be denied.

No. 338, Original. Submitted December 16, 1909. Decided December 20, 1909.

HEARING on a petition for a writ of error to the police court.
                                                *Denied.*

*Mr. John Ridout* for the petitioner.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia and *Mr. F. Sprigg Perry,* Assistant District Attorney, opposed.